**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7402**

WILLIAM SCOTT DAVIS, JR.,

Petitioner - Appellant,

v.

WARDEN TIMOTHY STEWART; FCI CUMBERLAND; USAG JEFF
SESSIONS,

Respondents - Appellees.

**No. 19-7606**

WILLIAM SCOTT DAVIS, JR.,

Petitioner - Appellant,

v.

WARDEN TIMOTHY STEWART; FCI CUMBERLAND; USAG JEFFERSON B.
SESSIONS III,

Respondents - Appellees.

Appeals from the United States District Court for the District of Maryland, at Baltimore.
George L. Russell, III, District Judge.  (1:18-cv-01745-GLR)

Submitted:  January 29, 2020                    Decided:  February 21, 2020

Before HARRIS, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

No. 18-7402 dismissed, and No. 19-7606 affirmed by unpublished per curiam opinion.

William Scott Davis, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In No. 18-7402, William Scott Davis, Jr., seeks to appeal the district court's order dismissing his 28 U.S.C. § 2241 (2018) petition. We previously remanded this case to the district court to determine if Davis' Fed. R. Civ. P. 60 motion and notice of appeal were timely filed. *Davis v. Stewart*, 771 F. App'x 194, 195 (4th Cir. 2019). The district court determined that they were not timely filed. Davis appeals this order in No. 19-7606. We agree with the district court and therefore dismiss in No. 18-7402 and affirm in No. 19-7606.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). In a case in which the federal government or a federal officer is a party, the appellant must file a notice of appeal within 60 days after entry of the district court's order. Fed. R. App. P. 4(a)(1)(B). However, the filing of certain postjudgment motions, including a Rule 60 motion filed within 28 days of the entry of judgment, will cause the appeal period to run from the entry of the order disposing of the last such motion. Fed. R. App. P. 4(a)(4)(A). If a party notes an appeal after the court enters judgment but before the court disposes of a motion listed in Rule 4(a)(4)(A), the notice of appeal takes effect only when the last remaining motion is resolved. Fed. R. App. P. 4(a)(4)(B)(i)

The district court entered its dismissal order on August 1, 2018. Davis dated his Rule 60 motion that day, but the district court did not receive it until October 4. Similarly, Davis dated his notice of appeal August 10, but this Court did not receive it until October 29. *See* Fed. R. App. P. 4(d). Moreover, Davis did not comply with Fed. R. App. P.

3

4(c)(1)(A), nor did he timely respond to the district court's order on remand instructing him to provide evidence of his compliance with this rule. Therefore, we conclude that the district court did not err in finding that Davis' Rule 60 motion was filed more than 28 days after entry of the court's dismissal order and that his notice of appeal was not timely filed.

Accordingly, we dismiss Davis' appeal in No. 18-7402 and affirm the district court's order in No. 19-7606. We deny Davis' motion to consolidate as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 18-7402, DISMISSED;*
*No. 19-7606, AFFIRMED*